# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09cv97

| | |
|---|---|
| MARK LEYSE and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| Vs. | ) ORDER |
| BANK OF AMERICA, NATIONAL ASSOCIATION, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court on *pro hac vice* counsel Todd C. Bank's Motion for Special Admission, which is a follow up motion to local counsel Gary W. Jackson's and Sam McGee's Motion to Withdraw as local, which was denied. In the instant motion, *pro hac vice* counsel seeks to be allowed to practice before the bar of this court through special admission. While counsel properly cites the correct local rule, L.Cv.R. 83.1(D), special admission is discretionary. L.Cv.R. 83.1(E)(1).

In exercising such discretion, the court first looks to the complexity of the case. In the "Class Action Complaint," out-of-state counsel purports to represent "all persons in the United States to whom Defendant placed certain telephone calls . . . beginning four years prior to the commencement of this action and continuing to the present . . . ." Complaint, at ¶ 1. In addition to having a large pool of potential plaintiffs, the defendant is the largest bank in the United States and the claim is asserted under the Telephone Consumer Protection Act. The court finds this to be

a complex action, which weighs against special admission.

The court has next considered whether the amount in controversy justifies double employment of counsel. Plaintiffs assert in their Complaint that the "matter in controversy exceeds the sum or value of $5,000,000 . . . ." This factor weighs against special admission as the amount at stake is substantial.

Counsel also argues that plaintiff does not wish to be represented by local counsel who do not want to represent him. Being represented by counsel of one's own choosing is important and weighs in favor of the requested relief. This right is not absolute as the Supreme Court recently reiterated in United States v. Gonzalez-Lopez, 548 U.S. 140 (2006), holding that "a defendant's choice of counsel has always been restricted by the rules governing admission to practice before the court in question." Id., at 154. In considering plaintiff being represented by counsel of his own choosing, the court must consider his efforts at obtaining such counsel: the motion before the court does not his efforts in attempting to retain substitute local counsel. With the number of attorneys in the Charlotte Division alone, the court is at a loss to fathom the reason why local counsel cannot be obtained. Perhaps the decisions in Bonime v. Avaya, Inc.,547 F.3d 497 (2nd Cir. 2008) or Leyse v. Clear Channel Broadcasting, Inc., 301 Fed.Appx. 20 (2nd Cir. 2008) cause potential local counsel some concern. While plaintiff's choice of counsel weighs in favor of allowing special admission, it is substantially diminished by the lack of explanation as to plaintiff's efforts to obtain substitute counsel.

The court has considered out-of-state counsel's performance thus far in these

proceedings. The Clerk of Court has informed the undersigned that Mr. Bank has complied with his instruction to register for ECF, which weighs in favor of special admission. Further, Mr. Bank averred in his earlier motion for *pro hac vice* admission that he is "fully qualified by experience and training to represent the plaintiff in this case." Affidavit of Todd C. Bank, at ¶ 3. This weighs in favor of special admission and review of the above reported cases reveals that, despite the reported results, Mr. Bank does have experience in these types of cases.

The court has also considered compliance thus far with the Local Rules. In the instant motion, Mr. Bank fails to reflect that he consulted with opposing counsel and what opinion such attorneys may have as to his special admission. L.Cv.R. 7.1(B). This weighs against special admission and is especially concerning inasmuch as it is opposing counsel who, at this point, could better inform this court's decision.

Weighing such considerations quantitatively an qualitatively, it does not appear that special admission is appropriate in this particular case as the issues are complex, the amount in controversy is substantial, efforts toward finding substitute local counsel have not been detailed, and counsel has failed to comply with the Local Civil Rules governing motions practice in the instant motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that pro hac vice counsel Todd C. Bank's Motion for Special Admission (#16) is respectfully **DENIED**.

Signed: July 21, 2009

Dennis L. Howell
United States Magistrate Judge