IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv97

| | | |
|---|---|---|
| MARK LEYSE and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | ORDER |
| BANK OF AMERICA, NATIONAL ASSOCIATION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**THIS MATTER** is before the court upon referral by the district court in accordance with 28, United States Code, Section 636(b), and on defendant's Motion to Dismiss or Transfer This Action and For Attorneys Fees and Costs (#18), defendant's supporting Memorandum of Law (#19), plaintiff's "*pro se*" Memorandum of Law in Opposition (#23),1 and defendant's Reply Memorandum (#26).

In substance, defendant contends and has shown that this is the second action filed concerning a single telephone call placed on March 11, 2005, to a telephone account subscribed to by Genevieve Dutriaux in New York City. It would appear that at the time the subject call was received, plaintiff herein was Ms. Dutriaux's roommate. In 2005, Ms. Dutriaux, assisted by lead counsel for plaintiff herein, filed a putative class action lawsuit against this same defendant in the United States Court for the Southern District of New York. Dutriaux v. Bank of America, N.A., 05-3838-

-1-

JGK (S.D.N.Y. April 12, 2005).[1] Such action is pending before Honorable John G. Koeltl, United States District Judge.

Plaintiff's reason for bringing this action in this court has been thinly veiled: it is patent from a review of the pleadings that this second action was filed in this court to circumvent New York law, which prohibits class actions that seek to recover statutory penalties unless the statute expressly permits such actions. See N.Y.C.P.L.R. § 901(b). The Telephone Consumer Protection Act, 47 U.S.C. § 227, (hereinafter the "TCPA") specifically incorporates state law in determining who may bring a claim for violation of the TCPA. 47 U.S.C. § 227(b)(3). Both federal and state courts in New York have rejected counsel for plaintiff's (as well as plaintiff's) attempts to make end runs around the law in similar cases. Bonime v. Avaya, Inc., No.06-CV-1630 (CBA), 2006 WL 3751219, at *3 (E.D.N.Y. Dec. 20, 2006),[2] *aff'd*, 547 F.3d 497 (2d Cir. 2008); Holster v. Gatco, Inc., 485 F.Supp. 2d 179, 185 (E.D.N.Y.2007), *aff'd without opinion*, No. 07-2191 (2d Cir. Oct. 31, 2008); Leyse v. Clear Channel Broad., 301 Fed. Appx. 20 (2d Cir. Dec. 2, 2008); Rudgayzer & Gratt v. LRS Commc'ns, Inc., 776 N.Y.S.2d 158, 160, 165-66 (N.Y. Civ. Ct. 2003).

On July 16, 2007, in Dutriaux v. Bank of America, N.A., supra, Judge Koeltl stayed that action pending resolution of appeals in Holster and Bonime, supra,

---

[1] Such unpublished decision is incorporated by reference to defendant's exhibit containing a copy of such opinion.

[2] Due to the limits of Electronic Case Filing, copies of unpublished decisions herein are placed in the electronic docket through incorporation of the Westlaw citation.

"without prejudice to [Bank of America's] filing a renewed motion after resolution of the appeals in [those] cases." Dutriaux, at Docket No. 41. On October 31, 2008, the Court of Appeals for the Second Circuit affirmed such decisions, finding that plaintiffs could not circumvent N.Y.C.P.L.R. § 901(b) by filing their claims in federal court:

> The district court dismissed the complaint because New York law does not permit private actions for violations of the TCPA to be brought as class actions. *See* New York Civil Practice Law and Rules 901(b). We agree that N.Y.C.P.L.R. 901(b) applies to such suits, even when plaintiff has invoked federal diversity jurisdiction.

Bonime v. Avaya, Inc., supra, at 497; *see also* Holster v. Gatco, supra (affirming judgment without opinion). On April 6, 2009, counsel for plaintiff herein petitioned the United States Supreme Court for a *writ of certiorari* in the Holster action. Inasmuch as appeals are pending, the stay of Dutriaux remains in effect. Without doubt, the issues and claims presented in this case are, for all purposes, identical to the issues and claims presented and now pending in Dutriaux.

While defendant has made a substantial showing that plaintiff herein may well lack standing to bring the claim and that this action should be dismissed under the "first filed" rule, the court determines that a transfer of venue to Judge Koeltl's court is most appropriate as it would maximize the use of scarce judicial resources.[3]

First, this court believes it is most appropriate for one judge to make all legal

---

[3] The district judge to whom this case is assigned takes the position that motions to transfer venue under Section 1404(a) are not case dispositive and should be decided by a magistrate judge under 28 U.S.C. § 636(b) rather than § 636(c).

determinations as to claims involving the same set of facts. Second, in deference to Judge Koeltl, this court believes it is most appropriate to afford the judge who imposed the stay to have the first opportunity to determine whether an attorney who knew of the stay attempted an end-run in filing this action in violation of the Order of Stay. Third, if this court were to take up the dismissal motions, it is most likely that protracted litigation would ensue in this district and the Court of Appeals for the Fourth Circuit, which would be a waste of scarce judicial resources inasmuch as these issues have not only been addressed by the district and appellate courts in the Second Circuit, they are now pending before the United States Supreme Court.

While this court will take up the alternative Motion to Transfer, it will respectfully decline to reach the Motion to Dismiss or Motion for Attorneys Fees and Costs and leave the disposition of those motions to the sound discretion of the district court in New York as such would be in conformity with the above considerations.

In considering the Motion to Transfer, the court has first considered plaintiff's contention that this action cannot be transferred to the Southern District of New York because that court lacks subject matter jurisdiction. This argument is flawed because N.Y.C.P.L.R. § 901(b) is not strictly a part of the subject matter jurisdiction analysis. The potential application of N.Y.C.P.L.R. § 901(b) as a bar to maintaining a class action does not preclude transfer inasmuch as such bar would prohibit this action from proceeding in either court.

Turning next to the Motion to Transfer, the court starts its review with Rule 12(b)(3), which provides that where venue is improperly laid, a court may dismiss a

complaint for improper venue or transfer venue to a court where it could have been brought. See also 28 U.S.C. § 1406(a).

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). When considering a motion to dismiss for improper venue, a court must accept the facts alleged in the Complaint as true and must draw all reasonable inferences in the plaintiff's favor. Micromuse, Inc. v. Aprisma Management Technologies, Inc., 2005 WL 1241924, *2 (S.D.N.Y. 2005). Clearly, but for the pendency of early identical proceedings in New York and the stay therein entered, the Western District of North Carolina would have been an appropriate venue for bringing this action as defendant is a corporate resident of this district. 28 U.S.C. 1391(a)(1). Thus, Rule 12(b)(3) is not applicable.

Inasmuch as this action could have been brought in this district, the court next turns to the discretionary transfer provisions of 28, United States Code, Section 1404(a). Clearly, transfer of venue to the Southern District of New York is appropriate in this action because the interests of justice require its consolidation with the Dutriaux Action. Charlotte-Mecklenburg Hospital Authority v. Facility Wizard Software, Inc., No. 3:08-cv-463-FDW, 2008 WL 5115281, at *1 (W.D.N.C. 2008). Under Section 1404(a), this court may "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). Decisions as to whether to transfer a case pursuant to 28 U.S.C. § 1404 are committed to the

discretion of the transferring judge. Brock v. Entre Computer Centers, Inc., 933 F.2d 1253, 1257 (4th Cir. 1991).

In determining whether discretionary transfer is proper, the court must balance eleven factors: "(1) the Plaintiff's choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of any judgment obtained; (7) the relative advantages and obstacles to a fair trial; (8) other problems which might make the litigation more expeditious and economical; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies resolved at home and the appropriateness in having litigation of a diversity case [if this were a diversity case] in a forum that is at home with the state law that must govern the action; and (11) the avoidance of issues involving conflict of laws." American Motorists Ins. Co. v. CTS Corp., 356 F. Supp. 2d 583, 585 (W.D.N.C. 2005). In this case, defendant has "the burden of persuasion and must show (1) more than a bare balance of convenience in his favor and (2) that a transfer does more than merely shift the inconvenience." Datasouth Computer Corp. v. Three Dimensional Tech., Inc., 719 F. Supp. 446, 451 (W.D.N.C. 1989). Courts should make both a quantitative and a qualitative analysis of the factors. McDevitt & Street Co. v. Fidelity and Deposit Co., 737 F. Supp. 351, 354 (W.D.N.C. 1990).

The overriding concern of this court is the patent waste of judicial resources which has occurred and which will continue to occur unless this action is transferred.

With the exception of the name of the plaintiff, an identical cause of action is now pending before a sister federal court and has been underway for a number of years. Clearly, the joint administration of these cases would be more expeditious and economical. This factor is given great weight as this court is not inclined to waste either the parties' resources or those of the taxpayer.

Further, defendant has shown that relevant documents and electronically-stored information in this action will likely come from Bank of America's telemarketing vendor DialAmerica Marketing, Inc., which is headquartered in New Jersey, a short drive from the Southern District of New York. Thus, the relative ease of access to proof weighs in favor of a transfer. The availability of compulsory process for attendance of witnesses - - especially from such non-party vendor - - and the costs of obtaining attendance of willing witnesses also favor transfer inasmuch as DialAmerica is located within the subpoena power of the Southern District of New York. The costs of attendance of witnesses from DialAmerica would also be substantially lessened by its proximity to New York City.

Although this is technically an appropriate forum under Title 28, it is apparent that plaintiff has engaged in inappropriate forum shopping for the reasons discussed above, so no weight can be give to plaintiff's initial choice of forum. Reiser v. RTI Int'l Metals, Inc., 1:08-CV-00729, 2009 WL 1097250, at *1 (S.D. Ohio 2009). The plaintiff's initial choice of forum is generally given "great weight." Western Steer-Mom N'Pop's , Inc. V. FMT Investments, Inc., 578 F. Supp.260, 265 (W.D.N.C. 1984), but here the blatantly inappropriate actions of the plaintiff

completely outweigh such considerations.

A consideration of the residence of the parties weighs in favor of a transfer. The plaintiff in this case and Ms. Dutriaux both live in New York City. Thus, plaintiff can make no viable argument as to transfer compounding costs.

The possibility of a view, enforcement of a judgment, and advantages and obstacles to a fair trial are either neutral or weigh in favor of transfer.

Problems that make a trial easy, expeditious and inexpensive have to be weighed in favor of transfer. The logistics and cost of travel for parties, attorneys, and for witnesses, the experience of the court in New York with this type of litigation (with the specific telephone call and message) all point to transfer.

The administrative difficulties of court congestion would be relieved by transfer. The Dutriaux case which involves the same call, same phone, and same message has been pending since 2005and may well be close to resolution. To have another case in another district about the same call, same phone, and same message would add to court congestion, with absolutely no basis for restarting what appears to have been an exhaustive judicial process.

The interest in having localized controversies settled at home points to transfer. This case and the Dutriaux case concern a New York statute, not a North Carolina statute, and it appears that the New York statute would be just as applicable in this district as it would be in the Southern District of New York. Plaintiff simply cannot escape application of New York law by bringing the action in this court inasmuch as it is readily apparent that the place the purported injury was sustained was not in this

district, but in the place the call was allegedly received, New York City. Again, both cases concern the same call, same phone, and same message. A court familiar with New York law should address this matter.

The court has also considered the remaining factors. None of the factors weigh in favor of dual litigation of identical issues, which would not only be a waste of limited judicial resources, but would also create a risk of contrary decisions in the two districts.

Having considered all the applicable factors both quantitatively and qualitatively, the court finds transfer of this matter to the Southern District of New York to be compelled by the above considerations.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) defendant's Motion to Transfer (#18) is **ALLOWED**;

(2) defendant's Motion to Dismiss and For Attorneys Fees and Costs (#18) are respectfully **DEFERRED** for disposition by the transferee court in its sound discretion;

(3) the September 14, 2009, hearing on local counsel's Motion to Withdraw is **CANCELLED**, and, upon such transfer, local counsel's Motion to Withdraw (#27) is **ALLOWED**, and they are **RELIEVED** of further responsibility for the representation of plaintiff in this matter; and

(4) that this matter is **TRANSFERRED** to the United States Court for the

Southern District of New York for consolidation with <u>Dutriaux v. Bank of America, N.A.</u>, 05-3838-JGK (S.D.N.Y. April 12, 2005) now pending therein.

Signed: September 1, 2009

Dennis L. Howell
United States Magistrate Judge